# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FEDERAL NATIONAL MORTGAGE   \*
   ASSOCIATION, also known as Fannie Mae,
                                         \*

Plaintiff
                                         \*

v                                          Civil Action No. JKB-17-1325
                                         \*

ALEXANDER LEHR and
DOES I through X, Inclusive,       \*

Defendants                            \*
                                         \*\*\*

## MEMORANDUM OPINION

Alexander Lehr, a resident of Baltimore, Maryland, filed a Notice of Removal on May 15, 2017. For the reasons below, the case must be remanded to its court of origin, the Superior Court of the State of California.

### Procedural History

Lehr was sued in the Superior Court of California, County of Los Angeles, for unlawful detainer of a dwelling located at 1341 N. Mariposa Avenue, Los Angeles, California, in Case No. 16U13002. ECF 2. Plaintiff Federal National Mortgage Association ("Fannie Mae") alleged it purchased the property at a Trustee's Sale on March 9, 2015, and Lehr refused to vacate the premises. Fannie Mae sought $47.37 per day from January 12, 2016, until it obtained occupancy, and indicated that the amount of damages requested did not exceed $10,000.00. ECF 2 at pp. 1-2. The action was filed on November 8, 2016. ECF 2 at p. 1.

The record does not reflect when Lehr was served with the complaint.[1] Six months later, Lehr filed a Notice of Removal pursuant to 28 U.S.C. § 1441, citing jurisdiction based on 28 U.S.C. § 1332 (the "diversity statute") and 28 U.S.C. § 1343 (violation of civil rights and elective

---

[1] Thus, it is impossible to determine whether Lehr's removal of the case to this court is timely pursuant to 28 U.S.C. §§ 1446(b) and (c).

franchise). Lehr also moved to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. Because he appears to be indigent, Lehr's motion to proceed in forma pauperis (ECF 3) shall be granted.

**Analysis**

To guard against possible abuses of the privilege, the in forma pauperis statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such cases, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a district court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). The Court applies this standard to Lehr's Notice of Removal (ECF No. 1) in evaluating the propriety of removal.

Even under this standard of review, it is apparent that jurisdictional deficiencies exist in this case. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), and must independently determine whether subject-matter jurisdiction exists, even when

no party challenges it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Of import here, "'[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted). Although Fannie Mae is a federally chartered corporation, its presence in a lawsuit does not necessarily create an independent basis for federal jurisdiction. *See Federal Nat. Mort. Ass'n v. Napoles,* 2014 WL 68877, *1 (E.D. Cal. Jan. 7, 2014) (no federal question presented in case alleging unlawful detainer under state law); *Fed. Nat'l Mort. Ass'n v. Bridgeman, et al.,* 2010 WL 5330499, *4, 6 (E.D. Cal Dec. 20, 2010) (same). Even if Fannie Mae is subject to suit as a federal entity, however, venue would dictate this suit be brought in the appropriate California federal court, wherein the cause of action arose. *See* 28 U.S.C. § 1404(a); *see also Seven Oaks, Inc. v. Federal Housing Administration, et al.,* 171 F.2d 947, 948-49 (4th Cir. 1948).

Title 28, United States Code, § 1343(a)(1), in relevant part, confers original jurisdiction in the federal district courts of any civil action authorized by law to be commenced by any person (1) to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United states, by any act done in furtherance of any conspiracy mentioned in 42 U.S.C. § 1985. The civil rights statute limits what constitutes a conspiracy to violate constitutional rights; it is designed to protect citizens in the following instances:

 (1) Preventing officer from performing duties

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of

damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985. This statute provides no apparent basis for federal jurisdiction under which this court may examine the state court action against Lehr.

Diversity jurisdiction also provides no basis for removal of this case. Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011), citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Although the parties are based in different states, the amount in controversy is less than $10,000; thus, diversity jurisdiction is defeated.

**Conclusion**

This state court action for unlawful detainer and eviction provides no basis for federal jurisdiction, and shall be remanded to the California state court by separate Order to follow.

May 19, 2017                                                      /s/
Date                                                             James K. Bredar
                                                                     United States District Judge